UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>VILLAS AT HUNTINGTON HOMEOWNERS ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-2968 JCM (GWF)<br><br>ORDER |

Presently before the court is plaintiff Federal National Mortgage Association's ("Fannie Mae") motion for summary judgment. (ECF No. 23). Defendants Villas at Huntington Homeowners Association ("the HOA") (ECF No. 24), RH Kids, LLC ("RH Kids") (ECF No. 27), and Red Rock Financial Services, LLC ("Red Rock") (ECF No. 28) filed responses, to which Fannie Mae filed a reply (ECF No. 31).

Also before the court is Fannie Mae's motion for an extension of time to file a reply in support of its summary judgment motion. (ECF No. 30).

**I.    Introduction**

This action involves the parties' interests in real property located at 623 Port Talbot Avenue, Las Vegas, Nevada, 89178 ("the property"). (ECF No. 1).

*a. Fannie Mae's interest in the property*

A deed of trust listing Grant Bailey and Melissa Klysner as the borrowers ("borrowers"), Countrywide KB Home Loans ("Countrywide") as the lender, and MERS as beneficiary solely as nomine for Countrywide and Countrywide's successors and assigns, was executed on March 8, 2007 and recorded on March 26, 2007. (ECF No. 23). The deed of trust granted Countrywide a

security interest in the property and secured the repayment of a loan in the original amount of $280,306.00 to the borrowers. *Id.*

On June 5, 2009, MERS, as nominee for Countrywide and Countrywide's successors and assigns, recorded an assignment of the deed of trust to BAC Home Loans Servicing, LP ("BAC") f/k/a Countrywide Home Loans Servicing LP. (ECF No. 23). On that same day, BAC recorded an assignment of the deed of trust to Fannie Mae. *Id.*

    *b. Defendant's interest in the property*

On September 14, 2009, the HOA recorded a notice of delinquent assessment lien against the property. (ECF No. 23). On March 31, 2010, the HOA recorded a notice of default and election to sell. *Id.* On July 22, 2014, the HOA recorded a notice of sale indicating a foreclosure sale of the property was scheduled for August 14, 2014. *Id.*

On August 14, 2014, the HOA conducted a non-judicial foreclosure sale, at which G&P Investment Enterprises, LLC ("G&P") purchased the property for $15,500.00. (ECF No. 23). On August 28, 2014, a foreclosure deed was recorded, listing G&P as the purchaser at the HOA foreclosure sale. *Id.*

On June 3, 2016, a deed purporting to transfer G&P's interest in the property to RH Kids was recorded. (ECF No. 23).

    *c. Fannie Mae's complaint*

Fannie Mae challenges the conduct surrounding the August 14, 2014, HOA foreclosure sale and seeks to preserve its pre-sale interest in the property. *Id.* Fannie Mae alleges the following causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) against RH Kids; (2) quiet title under 12 U.S.C. § 4617(j)(3) against RH Kids; (3) declaratory relief under the Fifth and Fourteenth Amendments of the United States Constitution against all defendants; (4) quiet title under the Fifth and Fourteenth Amendments of the United States Constitution and RH Kids; (5) declaratory judgment against RH Kids; (6) breach of NRS 116.1113 against the HOA against RH Kids; (7) wrongful disclosure against the HOA and Red Rock; and (8) injunctive relief against RH Kids. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the

opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III. Discussion

As an initial matter, the court will deny as moot Fannie Mae's motion for an extension of time to file a reply in support of its summary judgment motion. (ECF No. 30). Fannie Mae requested an extension to and including November 7, 2017. *Id.* Fannie Mae filed its reply on November 7, 2017, in accordance with its motion. *Id.*

*a. Fannie Mae's claims for declaratory relief and injunctive relief*

Fannie Mae's first, third, and fifth causes of action assert claims for declaratory relief. (ECF No. 1).

"[A] 'claim' for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy." *Pettit v. Fed. Nat'l Mortg. Ass'n*, no. 2:11-cv-00149-JAD-PAL, 2014 WL 584876 (D. Nev. Feb. 11, 2014); *see Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, no. 2:15-cv-02257-JCM-CWH, 2017 WL 1902158, at *4 (D. Nev. May 9, 2017) (citing *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)); *see also Centex Homes v. Everest Nat'l Ins. Co.*, no. 2:16-cv-01275-GMN-CWH, 2017 WL 4349017 (D. Nev. Sept. 29, 2017) ("[T]he Court will interpret Plaintiff's claim for declaratory relief as a request for a remedy rather than a separate cause of action . . . .").[1] As Fannie Mae's first, third, and fifth causes of action request a remedy of declaratory relief, and are not substantive causes of action, the court will dismiss the claims to the extent they purport to create causes of action. *See Wells Fargo*, 2017 WL 1902158, at *4.

In addition, Fannie Mae's eighth cause of action asserts a claim for injunctive relief. (ECF No. 1). The court will dismiss this claim without prejudice, as the court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal-*

---

[1] The court in *Centex* denied defendant's motion to dismiss plaintiff's claim for declaratory relief due to its interpretation of plaintiff's claim as a request for a remedy rather than a separate cause of action. 2017 WL 4349017, at *5.

**James C. Mahan**
**U.S. District Judge**

- 4 -

*Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

  b. *Fannie Mae's quiet title claim pursuant to § 4617(j)(3)*

  Fannie Mae's motion argues that partial summary judgment in its favor is proper as to its claim for quiet title because 12 U.S.C. § 4617(j)(3) ("the federal foreclosure bar") preempts contrary state law. (ECF No. 23).

  HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq*. In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

  In *Skylights LLC v. Byron*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

  Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent agency consent. *See, e.g., 1597 Ashfield Valley Trust*

James C. Mahan
U.S. District Judge

- 5 -

*v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

Here, Fannie Mae acquired interest in the property on June 4, 2009. Pursuant to § 4617(b)(2)(A)(i), FHFA, upon its appointment as conservator, immediately succeeded to all rights, titles, powers, and privileges of Fannie Mae. *See* 12 U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA held an interest in the deed of trust as conservator for Fannie Mae prior to the HOA foreclosure sale on August 14, 2014.

FHFA did not consent to the extinguishment of Fannie Mae's property interest through the HOA foreclosure sale. As the Ninth Circuit held in *Berezovsky*, "[t]he Federal Foreclosure Bar does not require the Agency to actively resist foreclosure. Rather, the statutory language cloaks agency property with Congressional protection unless or until the Agency affirmatively relinquishes it." 869 F.3d at 929. Thus, the plain language of § 4617(j)(3) prevents the HOA's foreclosure on the property from extinguishing the deed of trust when, as here, FHFA did not affirmatively consent to foreclosure.

Fannie Mae has standing to invoke the federal foreclosure bar. FHFA does not need to be a party to the litigation in order to invoke § 4617(j)(3). *See Saticoy Bay, LLC Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 Fed. Appx. 658, 2017 WL 4712396 (9th Cir. Oct. 20, 2017) (holding a loan servicer, in addition to Fannie Mae, has standing to assert a claim of federal preemption); *Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017). Similarly, the Nevada Supreme Court recently held that the powers set forth in HERA and FHFA's regulations are intentionally broad and not limited in use only to FHFA. *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017) (holding that authorized servicers of Fannie Mae "may argue that the Federal Foreclosure Bar preempts NRS 116.3116, and that neither [the Enterprise] nor the FHFA need be joined as a party."). Further, 12 C.F.R. § 1237.3 gives FHFA the authority to delegate through Fannie Mae.

James C. Mahan
U.S. District Judge

RH Kids argues that because Fannie Mae appears to have securitized the loan into a mortgage-backed security trust, Fannie Mae's ownership of the loan and the federal foreclosure bar's protection are in question. (ECF No. 27). The court disagrees. Based on a plain reading of § 4617(b)(2)(A)(i) and this court's prior holdings, securitization of the loan does not alter Fannie Mae's ownership or FHFA's ability to "succeed" to ownership of Fannie Mae's interest. *See* § 4617(b)(a)(A)(i); *see also JP Morgan Chase Bank, N.A. v. Las Vegas Dev't Grp., LLC*, No. 2:15-cv-1701-JCM-VCF, 2017 WL 937722 (D. Nev. Mar. 9, 2017); *Elmer v. JPMorgan Chase & Co.*, 707 F. App'x 426, 428-29 (9th Cir. 2017). Therefore, FHFA held an interest in the deed of trust as conservator for Fannie Mae prior to the HOA foreclosure sale on August 14, 2014.

Here, Fannie Mae's attached to its motion Fannie Mae's business records regarding loan servicing and acquisition history, accompanied by a supporting declaration. *See* (ECF No. 23) (containing business records and supporting declaration). Under *Berezovsky*, the court may consider these records as evidence when considering motions for summary judgment. *See* 869 F.3d at 932–33. Further, similarly to the appellant in *Berezovsky*, RH Kids here provides no evidence to contradict Fannie Mae's offered documents. *Cf. id.* at 933 ("Berezovsky points to no evidence before the district court that created a material dispute regarding the legal import of Freddie Mac's exhibits concerning its interest in the property.").

Fannie Mae obtained its interest in the property prior to the alleged HOA foreclosure sale. As Fannie Mae was subject to conservatorship at the time of the alleged foreclosure, and the agency did not consent to foreclosure, Fannie Mae's interest in the property survived the alleged foreclosure. Fannie Mae is entitled to summary judgment on its quiet title claim pursuant to § 4617(j)(3).

*c. Fannie Mae's remaining arguments*

Given the court's holding on Fannie Mae's § 4617(j)(3) quiet title cause of action, the court need not address Fannie Mae's additional arguments in favor of its claim for quiet title, which are pled in the alternative.

. . .

. . .

James C. Mahan
U.S. District Judge

- 7 -

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Fannie Mae's motion for summary judgment (ECF No. 23) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that Fannie Mae's motion for an extension of time to file a reply in support of its summary judgment motion (ECF No. 30) be, and the same hereby is, DENIED as moot.

The clerk is instructed to enter judgment accordingly and close the case.

DATED June 14, 2018.

                                          /s/ James C. Mahan
                                        UNITED STATES DISTRICT JUDGE