UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>VILLAS AT HUNTINGTON HOMEOWNERS ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-2968 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Villas at Huntington Homeowners Association's ("HOA") motion to amend judgment. (ECF No. 36). Plaintiff Federal National Mortgage Association ("Fannie Mae") filed a nonopposition response (ECF No. 37), to which the HOA replied (ECF No. 38). No other party filed a response and the time to do so has passed.

**I.     Background**

On December 22, 2016, Fannie May filed a complaint alleging eight (8) causes of action: (1) declaratory relief pursuant to 12 U.S.C. § 4716(j)(3) against defendant RH Kids, LLC ("RH Kids"); (2) quiet title pursuant to 12 U.S.C. § 4716(j)(3) against RH Kids; (3) declaratory relief under the Fifth and Fourteenth Amendments to the United States Constitution against all defendants; (4) quiet title under the Fifth and Fourteenth Amendments to the United States Constitution against RH Kids; (5) declaratory judgment pursuant to 28 U.S.C. § 2201, NRS 40.010, and NRS 30.040 against RH Kids; (6) breach of NRS 116.1113 against the HOA and Red Rock; (7) wrongful foreclosure against the HOA and Red Rock; and (8) injunctive relief against RH Kids. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

On January 24, 2017, the HOA filed a crossclaim alleging six (6) causes of action against Red Rock: (1) implied indemnity; (2) contribution; (3) apportionment; (4) express indemnity; (5) breach of contract; and (6) declaratory relief. (ECF No. 8). On February 14, 2017, Red Rock filed a crossclaim alleging six (6) causes of action against the HOA: (1) implied indemnity; (2) contribution; (3) apportionment; (4) express indemnity; (5) breach of contract; and (6) declaratory relief. (ECF No. 14).

On September 19, 2017, Fannie Mae filed a motion for partial summary judgment. (ECF No. 23). On June 14, 2018, the court entered an order granting summary judgment on Fannie Mae's second cause of action and directing the clerk to enter judgment and close the case. *Id*. The court dismissed Fannie Mae's first, third, fifth, and eighth causes of action for declaratory and injunctive relief for failing to state a substantive cause of action. (ECF No. 33). With regard to Fannie Mae's fourth (quiet title) cause of action, the court held the following: "Given the court's holding on Fannie Mae's § 4617(j)(3) quiet title cause of action, the court need not address Fannie Mae's additional arguments in favor of its claim for quiet title, which are pled in the alternative." *Id*. The court did not expressly address Fannie Mae's sixth (breach of NRS 116.1113) and seventh (wrongful foreclosure) causes of action. *See id*. The court also did not expressly address the crossclaims the HOA and Red Rock asserted against each other. *See id*.

Now, the HOA requests that the court amend the judgment (ECF No. 34) to state that the judgment is entered only against RH Kids and that all of the parties' remaining claims and crossclaims are dismissed as moot. (ECF No. 36).

**II.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 65(a). The rule further states that "[t]he court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 65(a).

The difference between "'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of

instances where the court changes its mind." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)).

**III.     Discussion**

The HOA contends that the court directed the clerk to enter judgment and close the case because it intended to dismiss Fannie Mae's remaining sixth and seventh causes of action against the HOA and Red Rock as moot. (ECF No. 36). The HOA further contends that the HOA and Red Rock's crossclaims are based on a request for indemnity with regard to Fannie Mae's sixth and seventh causes of action, such that the crossclaims became moot upon dismissal of Fannie Mae's sixth and seventh causes of action. *Id*.

Fannie Mae responds that it does not object to entry of an amended judgment on its quiet title claim against RH Kids only and dismissal of its remaining claims as moot. (ECF No. 37).

In granting summary judgment in favor of Fannie Mae on its second cause of action, the court intended that judgment be entered against RH Kids only (the only defendant named in Fannie Mae's first and second causes of action). Accordingly, when the court instructed the clerk to enter judgment and close the case, the court originally intended to dismiss Fannie Mae's sixth and seventh causes of action as moot. In so doing, the court also intended to dismiss the HOA and Red Rock's crossclaims as moot, as indemnity was no longer at issue.

Because entry of an amended judgment entering judgment as to RH Kids only, dismissing Fannie Mae's sixth and seventh causes of action as moot, and dismissing the HOA and Red Rock's crossclaims as moot does not deviate from the court's original intention, Rule 60(a) is an appropriate vehicle to correct the judgment. Further, neither Fannie Mae nor any defendant opposes the HOA's motion. The HOA is therefore instructed to prepare and file a proposed judgment, within fourteen (14) days of the date of this order, that enters judgment in favor of Fannie Mae on its second cause of action against RH Kids only and indicates that all remaining claims and crossclaims are dismissed as moot.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 3 -

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the HOA's motion to amend judgment (ECF No. 36) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the June 14, 2018 entry of judgment (ECF No. 34) be, and the same hereby is, VACATED.

The HOA is instructed to prepare and file a proposed judgment, within fourteen (14) days of the date of this order, that enters judgment in favor of Fannie Mae on its second cause of action against RH Kids only and indicates that all remaining claims and crossclaims are dismissed as moot.

DATED March 3, 2020.

_____
UNITED STATES DISTRICT JUDGE